# CASES IN CHANCERY.

---

## JAMES B. COX *v.* ASA C. DUNHAM and others.

If the bill shows sufficiently, that the personal and real estate levied on under a judg-
ment and execution is claimed by others under transfers and conveyances from the
defendant in execution; and the transfers and conveyances are sufficiently charged
to be fraudulent, the Court will remove out of the way of the judgment creditor the
hindrance or impediment which such claims by others interpose in the way of or
against a sale without sacrifice; and the judgment creditor is not bound to go to a
trial at law of the right of property in the personal estate levied on.]

A judgment debtor who has transferred personal property for the purpose of defeating
a creditor cannot, after a judgment creditor has levied on it, compel such creditor
to go to a trial at law to determine whether the property is not his, notwithstand-
ing the transfer, with a view to having it sold before lands levied on.

The bill, filed April 3d, 1850, states, that in May, 1835, James B. Cox, the complainant, recovered against Asa C. Dunham a judgment in the Supreme Court, for $1,219.21 damages, and $40.78 costs. That a *fi. fa. de bonis et terris* was issued thereon, returnable to the term of September, 1835, of said Court; and that the said writ of *fi. fa.* was returned "*nulla bona.*"

That on the 10th of January, 1850, the said Cox, the complainant, caused to be issued a second *fi. fa. de bonis et terris* on the said judgment, returnable to the term of April, 1850. That this writ was returned with the following levy: "By virtue of the above stated writ, I have levied on the following property of Asa C. Dunham, viz: 3 stacks of wheat, 2 stacks of oats, 14 acres of green grain in the ground, 12 head of cattle and 190

sheep; subject to all prior legal incumbrances; value $1; January 18, 1850." I have also levied, by virtue of the said writ, on the right and title of the said Asa C. Dunham to the following real estate, viz: (describing a number of lots and parcels of land): all subject to prior legal incumbrances; value $1. March 4, 1850.

That shortly before, and at the time of the recovery of the said judgment, to wit, in May, 1845, the said Dunham owned and possessed sundry goods and chattels, and was the owner in fee of the lands and tenements in the bill after described.

That the said Dunham, being so seized and possessed of real and personal estate, to the value of $6,000 and upwards, on or about September 16th, 1834, in order to defeat the complainant of his said claim, and to protect the property of said Dunham against the said claim, and to secure it to his own use, combining with one Azariah W. Dunham and Nehemiah Dunham, his brothers, and with other persons unknown to the complainant, sold and delivered to the said Azariah and Nehemiah, and to divers other persons unknown to the complainant, large quantities of personal estate, of the value of $1,000 or thereabouts; which property ought, in justice, to be yielded up by the said Azariah and Nehemiah to satisfy the said claim of the complainant. And the complainant has been informed and believes, and so charges, that the said sale of the said personal property was without any just consideration, and intended for the sole purpose of depriving the complainant and other creditors of the said Asa of his and their just claims.

And that the complainant has been informed and believes, that the said Asa, on or about the day and year last aforesaid, combining with the said Azariah and Nehemiah, and others unknown to complainant, by his certain deeds of bargain and sale, executed by him to the said Azariah, purporting to bear date on the 16th of September, 1834; the first, purporting to be for the consideration of $2,300, in the words and figures and in substance as follows: (setting out the deed. It is a deed for several parcels of real estate; 1st, The equal undivided half of two lots, the first of which, with the building, is bounded as follows: giving

the boundaries, containing 69 1-2 acres, excepting thereout four several lots theretofore sold and conveyed to Michael Hagerty, Alexander Probasco, Joseph V. D. Stout and James W. Hope). The second of said lots is bounded as follows : (giving the description, containing 94 12-100 acres.) Also, all the undivided half of that certain parcel of land (describing it) containing 65-100 of an acre. Also, the equal undivided half of all that certain parcel of land, (describing it,) containing 11 34-100 acres. Also, all those other two lots or parcels of land (describing them : the first containing 5 13-100 acres; the second containing 24 25-100 acres.) The deed is a deed in fee, with full covenants of warranty.

The second deed is of the same date, to Nehemiah Dunham, for the consideration therein stated of $500 ; and conveys three lots of wood land, one containing 9 86-100 acres; another 9 60-100 acres ; and the other 5 26-100 acres ; and two other lots ; one containing 1 1-2 acres ; the other containing 8-10 of an acre ; excepting out of the last two lots certain parcels thereof theretofore conveyed to John Green and Israel Smith, respectively. This is, also, a deed in fee, with full covenants of warranty.

That the third conveyance, purporting to be for the consideration of $2,600, is as follows : (setting it out : it is a deed, dated June 30th, 1834, from John W. Bray and wife, John B. Taylor and wife, to Asa C. Dunham, for a number of lots or parcels of land.

That the 4th conveyance, purporting to be for the consideration of $800, is as follows : (setting it out) : a deed from Asa C. Dunham to Azariah W. Dunham, dated October 17th, 1834, for a lot of land containing 77 acres, which John W. Bray and wife and John B. Taylor and wife conveyed to the said Asa C. Dunham, by deed dated June 30th, 1834. It is a deed in fee, with full covenants.

That the complainant has been informed and believes, and charges, that in or about the year 1834, the said Asa C. Dunham was security for John W. Bray and John B. Taylor, for about $2,500, including a part of the above mentioned claim of

the complainant; and that, in order to indemnify and save harmless the said Asa C. Dunham, and to enable him to pay the said security debts, as well to the complainant as others, the said Bray and Taylor, with their wives, on the 30th of June, 1834, executed and delivered to the said Asa C. Dunham the before mentioned deed from them to him of that date.

That the complainant has been informed and believes that the said Asa C. Dunham never paid any of the said security debts out of the proceeds of the sale of the land so conveyed by said Bray and Taylor to him; but, on the contrary, afterwards, to wit, on the 16th of September, 1834, fraudulently, and without any consideration having been actually paid, sold and conveyed a part of the same to the said Nehemiah Dunham, and the residue thereof to the said Azariah W. Dunham; who hold the same for the benefit and advantage of the said Asa C. Dunham, and in order to defraud the complainant and others the creditors of the said Asa, and to prevent and hinder him and them from recovering their just claims against the said Asa.

That the complainant has been informed and believes, and so charges, that, notwithstanding the said sale of the said personal property and the said deeds of conveyance of the said real estate by the said Asa to the said Azariah and Nehemiah, the said Asa has ever since remained in and had the possession of the whole of said property, real and personal, receiving and enjoying the rents, income, proceeds and profits thereof.

That the complainant has frequently applied to the said Asa, Azariah and Nehemiah for the payment of his said judgment; and that they should deliver into the hands of the sheriff the said real and personal property, so fraudulently assigned and passed over by the said Asa to the said Azariah and Nehemiah, and by them now held and claimed; and that the said Azariah and Nehemiah should permit the said sale, transfer and conveyance to be declared void, and the said real and personal estate to be sold to satisfy the said judgment of the complainant. But that they have wholly neglected and refused to pay the said judgment, or to deliver into the possession of the said sheriff the said real and personal property, or to allow the said conveyances to

be set aside as null and void, and have and do absolutely oppose the execution of the said second writ of *fi. fa.*, and threaten to prosecute the sheriff should he make sale of the same.

The bill prays, that the defendants, Asa, Azariah and Nehemiah, or some of them, may be decreed to pay to the complainant the amount of his said judgment, interest and costs; and that the said conveyances and sales made be declared null and void, and that the said real and personal property be sold, and the proceeds applied to the payment of the complainant's judgment. That the defendants account for the rents, issues and profits of the said real estate, and for the proceeds of the sale of said personal estate by them or any of them heretofore made, or that may hereafter be made, and for such other and further relief &c.

To this bill a general demurrer was put in.

*A. Wurts* and *P. D. Vroom* in support of the demurrer. They cited 1 *Story's Eq. Jur.* sec. 33, 49, 72; *Cooper's Eq. Pl.* 124, 8, 9, 351, 2; 1 *Smith's Ch.* 201; *Saxt. Ch.* 298; 1 *Story's Eq. Jur.* sec. 64a, 27, 529; *Jerem. Eq.* 549, 550.

*W. Halsted,* contra. He cited 3 *Green's Ch.* 61; *Saxt. Ch.* 693; 6 *John. Ch.* 360; 4 *Ib.* 293; *Dev. Eq. Rep.* 537; 2 *Paige,* 333; 17 *Conn. Rep.* 283; 5 *Cowen,* 580; 4 *Ired.* 291, 494; 10 *Conn. Rep.* 137; 5 *Gill & Johnson,* 19; 18 *Wend.* 236; 3 *Paige,* 365; 10 *Ib.* 219, 601; 1 *Ib.* 637; 4 *Denio,* 262; 2 *Story's Eq. Jur.* sec. 1216; *Rev. Stat.* 922; 19 *Pick. Rep.* 231.

THE CHANCELLOR. The bill shows sufficiently, that the personal property levied on is claimed by others, under transfers from Asa C. Dunham; and that the lands levied on are claimed by others, under a deed from Asa C. Dunham; and the transfers and deed are sufficiently charged to be fraudulent. In such cases, it is within the province of this Court to remove out of the way of the judgment creditor the hindrance or impediment so

interposed, on the ground, that by a sale while such impediment exists the creditor would not realize the value of the property. And the judgment creditor is not obliged, before coming into this Court, to go to a trial at law of the right of property in the personalty levied on, with the view of having the transfer of it declared void, so that it may be sold before the lands. Such transfer is good against the debtor, and the creditor may let it stand as good, if he pleases, and attack the conveyance of the land.

If any of the personal property levied on under the second *fi. fa.* is not included in the transfer, such part should be sold first. The bill is not, perhaps, as clear as to this as it might have been. An answer may show how this is.

Demurrer overruled.